# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAVID C. MYERS,**

    **Plaintiff,**

  v.                                                    Case No. 10-C-1126

**RICK RAEMISCH, JUDY P. SMITH,**
**STAN DOMAN, T. CADOTTE, J. BURDICK,**
**TIMOTHY PIERCE, JAMES ZANON,**
**JAMIE WITCH, WELCOME F. ROSE,**
**ISMAEL OZANNE, and TIMOTHY DOUMA,**

    **Defendants,**

---

## ORDER

Plaintiff, David Myers, who is incarcerated at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

Regardless of plaintiff's fee status, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is an initiate into the Hermetic Order of the Golden Dawn. He avers that he is a practicing believer and that his religious beliefs in the Golden Dawn are sincere. On February 19, 2010, plaintiff attempted to obtain a particular tarot that was designed exclusively for use by believers of the Golden Dawn, as well the tarot's companion book. Defendant Officer Burdick denied the request the same day because the tarot was not the Aquarian Tarot that is approved by the DOC.

Plaintiff filed an offender complaint, and defendant Timothy Pierce recommended its dismissal on March 2, 2010. Pierce stated, "Tarot cards must be the Aquarian tarot deck by David Palladini, published by U.S. Game Systems, Inc. No other versions allowed." (Complaint at 10). Defendant Tim Douma dismissed the complaint as the reviewing authority on March 5, 2010. Plaintiff appealed to the CCE, and defendant Welcome Rose dismissed the appeal on June 10, 2010. She found that, "[o]n appeal, the inmate presented no information to warrant a recommendation overturing that decision." (Complaint at 10). On July 24, 2010, defendant Ismael Ozanne accepted the decision to dismiss the complaint on behalf of the Office of the Secretary.

3

Plaintiff asserts that there is no legitimate penological justification for the current Wisconsin Department of Corrections regulation regarding the type of tarot a prisoner can possess as religious property. He alleges violations of his constitutional rights under the First and Fourteenth Amendments, as well as a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

In the prison context, the free exercise and equal protection analyses turn on the same question of reasonableness. The Free Exercise Clause of the First Amendment protects a prisoner's right to practice his religion as long as doing so does not unduly burden the institution. Richards v. White, 957 F.2d 471, 474 (7th Cir. 1992). A prison regulation that infringes upon an inmate's free exercise rights may be valid "'if it is reasonably related to legitimate penological interests,'" Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir. 1994) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)); see also Al-Alamin v. Gramley, 926 F.2d 680, 685 (7th Cir. 1991) (DOC "need only make reasonable efforts to afford inmates an opportunity to practice their faith"). Likewise, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally; however, a prison regulation that treats inmates unequally will be upheld if it is reasonable in light of legitimate penological interests. May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000). "[L]imitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives - including deterrence of crime, rehabilitation of prisoners, and institutional security." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).

To establish a claim under RLUIPA, a prisoner must show that a prison receiving federal funds has enacted a regulation that renders his exercise of a religious practice effectively impractical. See 42 U.S.C. § 2000cc-1; Koger v. Bryan, 523 F.3d 789, 796, 799 (7th Cir. 2008); Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 761 (7th

Cir. 2003). If the inmate succeeds, the burden shifts to prison officials to demonstrate that the regulation is the least restrictive means of furthering a compelling government interest. See 42 U.S.C. § 2000cc-1; Koger, 523 F.3d at 796. A prison has a compelling interest in maintaining security, see Borzych v. Frank, 439 F.3d 388, 391 (7th Cir. 2006); Rios v. Lane, 812 F.2d 1032, 1037 (7th Cir. 1987), and we are particularly deferential to the judgment and expertise of prison administrators when we analyze whether a regulation is necessary to further that interest, see Cutter v. Wilkinson, 544 U.S. 709, 722-23 (2005); Koger, 523 F.3d at 800.

Plaintiff has stated free exercise, equal protection and RLUIPA claims regarding the denial of the tarot and companion book that he sincerely believes are necessary to practice his religion.

I now must consider the appropriate defendants. The named defendants are all employees of the Wisconsin Department of Corrections who either work at Oshkosh Correctional Institution or review inmate complaints.

In order "[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006) (quoting Gentry v. Duckworth, 65 F.3d 555, 561 [7th Cir. 1995]). In order to be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. The Court of Appeals for the Seventh Circuit has held that "'[a] prison official's knowledge of prison conditions learned from an inmate's communication can . . . require the officer to exercise his authority and to take the needed action to investigate, and if necessary, to rectify the offending condition.'" Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999) (quoting Vance v. Peters, 97 F.3d 987, 993 [7th Cir. 1996]).

5

It was defendant J. Burdick who denied plaintiff's property request, and plaintiff will be allowed to proceed against Burdick in his individual capacity on all three claims. I also will allow plaintiff to challenge the religious property policy with regard to tarots under all three theories, and Burdick in his official capacity will be the defendant for those claims.

The only involvement plaintiff alleges by defendants Timothy Pierce, Timothy Douma, Welcome Rose, and Ismael Ozanne is related to their dismissals of his offender complaint at various levels of the complaint process. In Burks v. Raemisch, 555 F.3d 592, 594-96 (7th Cir. 2009), the Court of Appeals for the Seventh Circuit affirmed the dismissal of inmate complaint examiner for her role in rejecting the prisoner's untimely grievance.

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules ... along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. the division of labor is important not only to the bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.

Id. at 595. Thus, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a complete act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Defendants Pierce, Douma, Rose, and Ozanne will be dismissed.

The remainder of the named defendants, Rick Raemisch, Judy P. Smith, Stan Doman, T. Cadott, James Zanon, and Jamie Witch, were not mentioned at all in plaintiff's complaint. Plaintiff's individual claims against them will be dismissed for lack of personal involvement and they will be dismissed as parties because there is no need for additional defendants for plaintiff's official capacity policy claim. Therefore,

**IT IS ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on defendants J. Burdick.

**IT IS ALSO ORDERED** that defendant Burdick shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the following parties are DISMISSED as defendants in this action: Rick Raemisch, Judy P. Smith, Stan Doman, T. Cadotte, Timothy Pierce, James Zanon, Jamie Witch, Welcome F. Rose, Ismael Ozanne, and Timothy Douma.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2011.

/s
LYNN ADELMAN
District Judge