# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID C. MYERS,

      Plaintiff,

v.                                                     Case No. 10-C-01126

J. BURDICK,

      Defendant.

## DECISION AND ORDER

Plaintiff, David Myers, a state prisoner, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on December 14, 2010. He paid the full filing fee and, after screening his sworn complaint, I allowed plaintiff to proceed on free exercise and equal protection claims, and claims under the Religious Land Use and Institutionalized Persons Act regarding the denial of tarot cards and a companion book that plaintiff sincerely believes are necessary to practice his religion. Before me now are motions filed by both plaintiff and defendant.

### I. Plaintiff's Discovery Motions

On September 9, 2011, plaintiff filed a motion to compel defendant to answer plaintiff's interrogatories, to produce documents, and to pay the expenses plaintiff incurred in bringing this motion. Plaintiff submits that defendant's interrogatory responses are evasive and incomplete and that defendant has failed to produce documents.

I will deny plaintiff's motion to compel for two reasons. First, plaintiff's certification that he attempted in good faith to confer with defendant before bringing this motion under Federal Rule of Civil Procedure 37 is insufficient. Even if I considered plaintiff's letter attached to his motion as a good faith attempt to resolve the dispute, it is dated the same

day plaintiff filed his motion. Thus, there was no opportunity for defendant to respond before plaintiff filed his motion. Second, plaintiff has given me no factual basis on which to rule on his motion. He did not provide his requests or defendant's responses that are at issue, so I am unable to evaluate whether the responses were sufficient.

Plaintiff filed a second motion to compel discovery on October 11, 2011, seeking a copy of defendant's Exhibit 1009, which is the book at issue, The Golden Dawn Enochian Skrying Tarot. Plaintiff maintains that he cannot possibly be expected to address any issue raised by defendant regarding the exhibit without the opportunity to examine and review the book. Once again, it does not appear that plaintiff gave defendant an opportunity to respond to his request or solve any discovery dispute before filing his motion. Accordingly, I will also deny this motion.

## II. Plaintiff's Motion for Preliminary Injunction

On July 7, 2011, plaintiff filed a motion for a preliminary injunction. In his motion, plaintiff seeks an order allowing him "access, use, and possession of the Golden Dawn Enochian Skrying Tarot." To secure a preliminary injunction, the applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). If the plaintiff satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. Id. The court also must consider the effect of the injunction on nonparties. Id.

In considering this motion, I rely on the facts set forth in plaintiff's sworn complaint, which I recited in the screening order entered April 5, 2011. (ECF No. 8.) A review of plaintiff's filings shows tha the has not met his burden of proof. Plaintiff's brief did not provide me with enough information to find that he is likely to succeed on the merits in this case. Therefore, I will deny the motion for a preliminary injunction.

### III. Plaintiff's Motion for Continuance

On October 28, 2011, the court received a motion for a continuance from plaintiff. He asked for additional time to respond to the motion for summary judgment filed by defendant on September 16, 2011. Plaintiff "now realizes he must seek legal counsel if he is to present a coherent presentation to the court in this action." (Pl.'s Motion for 30 Day Continuance, ECF No. 65.) His motion also noted that he had an upcoming surgery. He advised the court that it could expect a timely notice of appearance from counsel on his behalf. No such notice of appearance has been received.

Even though plaintiff has already had some time to secure counsel and has already filed a brief in response to defendant's motion for summary judgment, I will grant the motion for a continuance. I want to ensure that plaintiff has a sufficient opportunity to either retain counsel or to fully respond to defendant's motion for summary judgment (with a brief, responses to defendant's proposed findings of fact, and additional proposed findings of fact that are supported by references to affidavits and exhibits, as well as copies of those affidavits and exhibits). Thus, I will give plaintiff until May 18, 2012 to respond to defendant's motion.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for preliminary injunction [DOCKET #21] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [DOCKET #33] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery [DOCKET #60] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a continuance [DOCKET #65] is **GRANTED**. Plaintiff shall file a response to defendant's motion for summary judgment on or before **Friday, May 18, 2012**.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2012.

s/_____
LYNN ADELMAN
District Judge