UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID C. MYERS,
        Plaintiff,

    v.                                                  Case No. 10-CV-01126

J. BURDICK,
        Defendant.

## DECISION AND ORDER

Plaintiff, David Myers, a state prisoner, filed a pro se complaint pursuant to 42 U.S.C. § 1983. After screening his sworn complaint, I allowed plaintiff to proceed on free exercise, equal protection, and Religious Land Use and Institutionalized Persons Act claims regarding the denial of the tarot cards and companion book that plaintiff sincerely believes are necessary to practice his religion. Defendant's motion for summary judgment is fully briefed and will be addressed in a separate order. Before considering that motion, I will resolve a number of other pending motions.

First, plaintiff asks me to reconsider my March 13, 2012 decision regarding plaintiff's motion for discovery. Plaintiff sought to examine and review a copy of The Golden Dawn Enochian Skrying Tarot, the book at issue in this case, in order to respond to defendant's motion for summary judgment. While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.

1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). I made no manifest error of law or fact when I determined that plaintiff had not attempted in good faith to confer with defendant before bringing his motion for discovery. Accordingly, I will deny plaintiff's motion for reconsideration.

Second, plaintiff moves for court-ordered discovery. He argues that defendant's use of unpublished cases is unfair because he does not have access to other unpublished cases that might be favorable to him. The parties dispute whether inmates at Oshkosh Correctional Institution can access unpublished cases in an electronic database, but neither party submitted sworn evidence regarding the legal materials available at the prison, and defendant has complied with the Civil Local Rule regarding the use of unpublished cases. Therefore, this motion will be denied.

Third, plaintiff filed a motion to stay arguing that he was denied the ability to file legal documents using the United States Postal Service. I consider this motion moot since plaintiff has been able to file numerous other documents with the court since that time. Subsequent letters suggest that the problem was that the prison wanted to use UPS instead of the U.S. Postal Service to send plaintiff's legal mail, and plaintiff was concerned that the court would not accept documents for filing from UPS. The court will accept documents from either UPS or the U.S. Postal Service.

Fourth, instead of filing a response to defendant's motion for summary judgment, plaintiff filed his own motion for summary judgment. The motion fails to comply with the local rules regarding motions for summary judgment. Therefore, I will deny the motion but construe it as plaintiff's response to defendant's motion for summary judgment.

Fifth, on May 25, 2012, defendant filed a motion for extension of time. She sought a ten day extension of time to file her reply brief in support of her motion for summary judgment. She then filed her reply within ten days of the deadline. I will grant this motion and consider the reply brief timely filed.

Finally, plaintiff has submitted several letters regarding the destruction of religious property unrelated to the tarot cards at issue in this case, and his assertion that the staff at Stanley Correctional Institution, where he was recently transferred, are claiming that he has not submitted a religious preference notifying them that he is a pagan. Plaintiff indicates that he will file a new complaint regarding these issues, which would be the right course of action since it is too late to amend his complaint in this case. I note, however, that plaintiff has obviously filed a religious preference form as that form was submitted by defendant as part of the record in this case. It is Exhibit 1006 to the Affidavit of Dawn Fofana.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reconsideration [DOCKET #70] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for court ordered discovery [DOCKET #71] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay [DOCKET #73] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [DOCKET #78] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time [DOCKET #81] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 15th day of August 2012.

                                                        s/ Lynn Adelman
                                                       LYNN ADELMAN
                                                       District Judge