# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID C. MYERS,

        Plaintiff,

  v.                                        Case No. 10-CV-01126

J. BURDICK,

        Defendant.

## DECISION AND ORDER

On September 24, 2012, I issued an order granting in part and denying part defendant's motion for summary judgment. I then conducted a status conference in this case on October 15, 2012. During the conference, the parties discussed settlement, and defendant's counsel indicated that the Wisconsin Department of Corrections is concerned about the precedential effect of a settlement or plaintiff victory in this case. Following this conference, plaintiff filed a motion for reconsideration of my summary judgment order, which I will now address.

Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e). I may grant a motion for reconsideration where there is newly discovered evidence or to correct a manifest error of law or fact. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.,* 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987). *Compare Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

Plaintiff's motion for reconsideration is exceedingly brief. It states simply that, "In light of the Defendant's stated position(s) at 10-15-12 Hearing [Telephone Conference], Plaintiff argues that the Court has cause to revisit and reconsider its 9-24-12 Decision regarding Summary Judgment [Docket #35], specifically 'GRANTED IN PART.'" This motion does not provide me with any basis for reconsidering my earlier ruling. The fact that defendant is concerned that this case will set precedent for future litigation does not change my summary judgment analysis. Therefore, I will deny the motion for reconsideration.

At the October 15 status conference, I offered to recruit pro bono counsel to represent plaintiff, and plaintiff subsequently submitted a letter to the court indicating that he is willing to accept court-appointed counsel. I construe this letter as a request for the appointment of counsel, which I will grant. At my request, Attorney James A. Walrath has agreed to represent plaintiff on a pro bono fee basis.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reconsideration [DOCKET #94] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for counsel [DOCKET #95] is **GRANTED**.

**IT IS REQUESTED** that Attorney James A. Walrath of Law Offices of James A. Walrath LLC represent plaintiff in this action, subject to plaintiff agreeing to the Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases from the District Court Pro Bono Fund. A copy of those regulations will be mailed with this order. Pursuant to Paragraph A.1, the pro bono appointment of Attorney Walrath is contingent

on plaintiff signing and returning the enclosed form expressing his agreement to be bound by the Regulations.

**IT IS FURTHER ORDERED** that plaintiff shall sign and return the enclosed Agreement to Reimburse Pro Bono Fund by **November 30, 2012**, if he wishes to proceed with pro bono counsel in this case.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Attorney James A. Walrath of Law Offices of James A. Walrath LLC, 324 E. Wisconsin Ave, Suite 1410, Milwaukee, Wisconsin, 53202-4300.

**IT IS FURTHER ORDERED** that the status conference set for November 19, 2012, at 1:30 p.m. is **TERMINATED**. The court will schedule another status conference once plaintiff has returned the Agreement and counsel has appeared for plaintiff.

Dated at Milwaukee, Wisconsin, this 15th day of November 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID C. MYERS,**
   **Plaintiff,**

 v.           Case No. 10-CV-01126

**J. BURDICK,**
   **Defendant.**

## AGREEMENT TO REIMBURSE PRO BONO FUND

I am the indigent plaintiff in this action and in consideration of the court appointing an attorney to represent me I hereby agree to reimburse the District Court Pro Bono Fund out of any proceeds received (1) in settlement of my claim or claims or (2) upon prevailing other than by settlement of my claim or claims, for any expenses and/or costs which are either prepaid from the District Court Pro Bono Fund or incurred by my appointed attorneys in accordance with the Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases.

Date: _____

_____
  David C. Myers

4

Case 2:10-cv-01126-LA   Filed 11/15/12   Page 4 of 4   Document 96